## Commonwealth *v.* Emdeko International, Inc., et al.

Submitted on briefs, April 7, 1972, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*J. Shane Creamer,* Attorney General, with him *Joel Weisberg* and *Robert S. Adler,* for plaintiff.

*Albert James Duff,* with him *Miller, Entwisle & Duff,* for defendant, Emdeko International, Inc.

*Samuel J. Margiotti,* with him *Margiotti, Rich & Gravina,* for defendants, Amco Agencys, Inc., Jean-el Agency, Inc., and Mark III Enterprises.

OPINION BY JUDGE WILKINSON, May 30, 1972:

This is an action in equity brought in the name of the Commonwealth by its Attorney General to enjoin the defendants from certain actions which the complaint alleged to be in violation of the Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P. L.    , No. 387, 73 P.S. §201-1. There was a prayer for a preliminary injunction.

A hearing on the granting of the preliminary injunction was held on October 26 and 27, 1971, at which the Commonwealth offered testimony from seven witnesses, filling a transcript of 323 pages. Although the Commonwealth's witnesses were subjected to cross-examination, no witnesses were presented by the defendants. Defendants moved for a dismissal of the complaint, and the plaintiffs moved for the granting of the preliminary injunction. On December 6, 1971, the Court refused both motions.

On October 26, 1971, defendants had filed preliminary objections requesting more specific pleadings and in the nature of a demurrer. Having been listed for oral argument on April 7, 1972, and all briefs having been timely filed, on April 6, 1972, the Court granted the petition of the Commonwealth, in which the defendants

joined, permitting the defendants' preliminary objections to be considered on the briefs of all parties and without the necessity of oral arguments. The defendants' preliminary objections are dismissed.

The defendants are treating this action as though it were a complaint in trespass based on fraud. It is not. It is a statutory action. It has many important distinctions from the ordinary action based on fraud. It can only be brought by the Attorney General or a District Attorney. The Attorney General or a District Attorney is required to decide that the action would be in the public interest. The Attorney General is authorized to accept and file a written assurance or voluntary compliance which the Act *expressly* states shall not be considered an admission of violation for any purpose. Finally, the relief sought by the action is limited to an injunction, temporary or permanent, to restrain *and prevent* violations of the Act. The Act does not provide at this stage of the proceeding for any penalty, monetary or otherwise, for past violations if any are proven. Such penalties are provided for violations of injunctions after they are issued.

Under such restricted circumstances, and especially under the facts in this case after two days of testimony have been offered, we see no need to apply the relatively severe tests applied to a complaint in trespass based on fraud to a complaint in equity under the "Unfair Trade Practices and Consumer Protection Law." In our opinion, defendants have more than enough information to be informed of the basis on which injunctive relief is sought so that they may prepare and file an adequate answer and prepare a proper defense. We note from the record that on February 3, 1972, following the hearing on the preliminary injunction, the attorney for Emdeko International, Inc., properly availed himself of the procedure to file a notice to take deposition on

oral examination. The notice provided "The purpose and scope of the deposition is for discovery and inquiry into all matters, facts and circumstances relevant to the subject matter set forth in the Complaint."

The preliminary objections are dismissed and the defendants are given twenty (20) days from the date hereof to file an answer.